```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                     FAYETTEVILLE DIVISION
```

PAUL SCHMIDT and
ACRO CORPORATION                                          PLAINTIFFS

                v.         Civil No. 06-5007

UNITED STATES OF AMERICA, by and
through MICHAEL OWEN JOHANNS,
SECRETARY OF THE DEPARTMENT
OF AGRICULTURE, FARM SERVICE
ADMINISTRATION, AND TRAVIS
STEARMAN                                                  DEFENDANTS

### O R D E R

Now on this 14th day of July, 2006, the Court takes up the issue of what discovery is appropriate in this case. At the Court's direction, the parties have submit briefs on the issue, and the Court now makes the following discovery Order:

1. This is an action for judicial review of agency action. The gravamen of the Complaint is that the United States of America, by and through Michael Owen Johanns, Secretary of the Department of Agriculture, Farm Service Administration (the "FSA") wrongfully sold certain real property in Washington County, Arkansas (the "Farm") that plaintiffs had leased from the FSA.

Plaintiffs allege the following:

*   that the lease contained an option to purchase, and provided that the FSA was precluded from selling the Farm until plaintiffs' rights under the buyback provisions were exhausted;

*   that when the time came to exercise the option to purchase, the parties could not agree on the sale price;

* that administrative appeals on the price were exhausted by December 15, 2003;

* that the FSA wanted to sell the Farm at that point, whereas Schmidt wanted to pursue judicial review of the administrative decision;

* that Schmidt later changed his mind, and notified FSA that he wanted to buy the Farm to avoid further litigation;

* that notwithstanding Schmidt's notification, in April, 2004, FSA sold the Farm to Stearman, without giving Schmidt notice of "any preferential right that he might have as the immediate previous owner under 7 U.S.C. Sec. 1985(e)(1)(C)"; and

* that Stearman does not qualify to own the Farm under FSA regulations.

Plaintiffs pray that the sale to Stearman be set aside, and that a new sale of the Farm be conducted.

2. The FSA and Stearman take the position that no discovery whatsoever is appropriate, inasmuch as the Court, when reviewing appeals of administrative decisions, bases its decision on the record compiled by the agency. That is, of course, the general rule:

> It is well-established that judicial review under the APA is limited to the administrative record that was before the agency when it made its decision. . . . That record, not some new record made initially in the reviewing court, becomes the focal point for judicial review. By confining judicial review to the administrative record, the APA precludes the reviewing court from conducting a de novo trial and substituting its opinion for that of the agency.

**Voyageurs National Park Association v. Norton**, 381 F.3d 759, 766 **(8th Cir. 2004)** (internal citations and quotation marks omitted).

In addition, Stearman contends that plaintiffs lack standing to challenge the FSA's sale of the Farm to him, inasmuch as by the time the Farm was sold to Stearman, plaintiffs no longer had an ownership interest in it.

3. Plaintiffs suggest three areas in which either discovery, or supplementation of the administrative record, is appropriate:

(a) They claim that the administrative record does not contain a copy of their March 11, 2004, letter informing the FSA that they wanted to buy the Farm to avoid further litigation. They contend that, in order for the Court to conduct a meaningful review of the FSA's conduct, that letter must be made a part of the record.

The FSA admits, in its Answer, that a letter dated March 11, 2004, was received, and that the letter asserted that Schmidt wanted to buy back the Farm, although they have various other disputes concerning the letter. Given that FSA admits receipt of the letter, it clearly should be a part of the administrative record, and the Court will allow plaintiffs to supplement the administrative record with a copy of the letter.

(b) Plaintiffs also take the position that Stearman was not a *bona fide* purchaser of the Farm, because he had notice of their

claims before he purchased it.  They contend that both discovery and supplementation of the record on this issue are appropriate.

Because the relief sought by plaintiffs, if afforded to them, has the potential to divest Stearman of his ownership of the Farm, the Court considers it relevant to determine whether he was a *bona fide* purchaser.  In addition, resolution of this issue is not an integral part of judicial review of the administrative decision, but collateral thereto.  The Court, thus, concludes that plaintiffs should be allowed to take discovery of Stearman limited to the sole issue of whether he was a *bona fide* purchaser of the Farm.

(c) Finally, plaintiffs contend that Stearman is not providing day to day labor or management of the Farm, as required by FSA regulations, and that evidence of this would go to show that Stearman defrauded the FSA.  Standing to raise this issue requires that the plaintiffs have suffered an injury in fact; that there be a causal connection between that injury and the challenged conduct; and that there be a likelihood that a favorable decision by the Court will redress the alleged injury. **Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).**

The injury alleged by plaintiffs is the loss of the opportunity to purchase the Farm.  Stearman's conduct is not, however, alleged to be the cause of that injury.  Plaintiffs allege that they lost the opportunity to purchase the Farm because

the FSA failed to follow its regulations in putting the Farm up for sale. The Court, therefore, concludes that there is no basis to allow discovery of Stearman's conduct after purchase of the Farm in this case.

**IT IS THEREFORE ORDERED** that, to the extent the Final Scheduling Order to be issued in this case sets a period for discovery, such discovery will be limited to the issue of whether defendant Stearman was a *bona fide* purchaser of the Farm.

**IT IS FURTHER ORDERED** that plaintiff Schmidt and the FSA are directed to cooperate in making the March 11, 2004, letter regarding plaintiffs' desire to purchase the Farm to avoid litigation a part of the administrative record in this matter.

**IT IS SO ORDERED.**

                           **/s/ Jimm Larry Hendren**
                           **JIMM LARRY HENDREN**
                           **UNITED STATES DISTRICT JUDGE**