```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

PAUL SCHMIDT and
ACRO CORPORATION                                            PLAINTIFFS

         v.             Civil No. 06-5007

UNITED STATES OF AMERICA, by and
through MICHAEL OWEN JOHANNS,
SECRETARY OF THE DEPARTMENT
OF AGRICULTURE, FARM SERVICE
ADMINISTRATION, AND TRAVIS STEARMAN               DEFENDANTS

### O R D E R

Now on this 7th day of February, 2007, come on for consideration the following motions:

*   **Separate Defendant Travis Stearman's Motion To Dismiss Plaintiff ACRO Corporation** (document #24);

*   **Separate Defendant United States' Motion To Dismiss Plaintiff ACRO Corporation** (document #26);

*   the United States' **Motion For Summary Judgment** (document #28);

*   **Separate Defendant Travis Stearman's Motion For Summary Judgment** (document #31); and

*   the United States' **Motion To Dismiss For Failure To Prosecute** (document #34).

Neither plaintiff has responded to any of the foregoing motions.

1. The Complaint in this matter, filed on January 13, 2006, seeks judicial review of the action of a federal agency, the Farm Service Administration, and relief to include the setting aside of a sale of real property. The case is set for trial on March 19, 2007.

On October 20, 2006, plaintiffs' attorney moved for leave to withdraw from the representation.  That motion was granted by Order dated October 23, 2006.  The Order allowed plaintiffs twenty (20) days to obtain new counsel, and noted that if new counsel was not obtained, the individual plaintiff Paul Schmidt would be allowed to represent himself, but plaintiff ACRO Corporation could only be represented by a licensed attorney.

A copy of the October 23 Order was sent to Paul Schmidt at the address supplied by his former counsel.  Based on the tenor of the Complaint, the Court believes Mr. Schmidt to be a principal in ACRO Corporation.  The Court, therefore, believes that both plaintiffs were made aware of the contents of the October 23 Order, yet no attorney has entered an appearance on behalf of either party.

2.   The foregoing circumstances, and the case of **Rowland v. California Men's Colony**, **506 U.S. 194 (1993),** inform the Court's decision on the motions to dismiss ACRO Corporation.  A corporation "may appear in the federal courts only through licensed counsel." **506 U.S. at 202.**  ACRO Corporation has been given ample time to obtain counsel, and has not done so.  The motions to dismiss its claims will, therefore, be granted, albeit such dismissal will be without prejudice, with ACRO's right to refile conditioned upon payment of costs and attorney's fees reasonably incurred by defendants for work that will necessarily have to be duplicated upon refiling.

3.   The matter is only slightly more complicated as it pertains to Schmidt, who -- being an individual -- has the right to represent

himself.  The problem is that he has not done so.  The motions for summary judgment were filed on November 29, 2006.  Pursuant to **Local Rule 7.2**, Schmidt had eleven (11) days to respond.  He has neither responded, nor asked for an extension of time to respond.

Under these circumstances it would not be improper for the Court to take up the motions for summary judgment, and resolve them on their merits.  **F.R.C.P. 56(c).**  However, the Court believes it would be extremely difficult to do so, in a complex case such as this one, without input from one of the adversarial parties.  In addition, Schmidt's failure to respond to the final motion here under consideration, the Motion To Dismiss For Failure To Prosecute, suggests that he has lost interest in the case.  Yet defendants are put to the trouble and expense of preparing for trial just as surely as if plaintiff were ready to go to trial.

The United States suggests that dismissal pursuant to **F.R.C.P. 41(b)** is called for, and the Court agrees.  That rule allows the Court to dismiss "for failure of the plaintiff to prosecute."  The Court will, however, make such dismissal without prejudice, but will condition Schmidt's right to refile his claim upon payment of costs and attorney's fees reasonably incurred by defendants for work that will necessarily have to be duplicated upon refiling.  The Court also finds that the dismissal should encompass Schmidt's claims against Stearman, since those claims are predicated on there being some infirmity in the United States' sale of the real property in question to Stearman.

**IT IS THEREFORE ORDERED** that **Separate Defendant Travis Stearman's Motion To Dismiss Plaintiff ACRO Corporation** (document #24) is **granted,** and the claims of ACRO Corporation against Travis Stearman are **dismissed without prejudice.**

**IT IS FURTHER ORDERED** that **Separate Defendant United States' Motion To Dismiss Plaintiff ACRO Corporation** (document #26) is **granted,** and the claims of ACRO Corporation against the United States are **dismissed without prejudice.**

**IT IS FURTHER ORDERED** that the United States' **Motion For Summary Judgment** (document #28) is **denied as moot.**

**IT IS FURTHER ORDERED** that **Separate Defendant Travis Stearman's Motion For Summary Judgment** (document #31) is **denied as moot.**

**IT IS FURTHER ORDERED** that the United States' **Motion To Dismiss For Failure To Prosecute** (document #34) is **granted,** and the claims of Paul Schmidt against both defendants are **dismissed without prejudice.**

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　/s/ Jimm Larry Hendren
　　　　　　　　　　　　　　　　　　　　　　**JIMM LARRY HENDREN**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**